1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ERROL LOVELL UNDERWOOD,            No. 2:22-cv-0694 DB P
12          Plaintiff,
13                                      <u>ORDER</u>
14   ROBERT MAYES, et al..
15          Defendants.
16
17       Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C.
18   §1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's
19   complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to
20   proceed in forma pauperis and finds plaintiff has stated a cognizable claim against defendant
21   Mayes. This court further finds plaintiff fails to state a claim against defendant California
22   Correctional Health Care Services ("CCHCS"). Plaintiff will be given an opportunity to either
23   amend his complaint or proceed on the cognizable claim in his current complaint.
24                              **IN FORMA PAUPERIS**
25       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a).
26   Accordingly, the request to proceed in forma pauperis will be granted.
27       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C.
28   §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §1915(b)(2).

## SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1) & (2).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is in inmate at California State Prison-Solano.  He complains of conduct that occurred there in August 2021.  Plaintiff alleges that defendant Mayes, a physician, gave him an injection of the COVID-19 vaccine without his consent or knowledge.  Plaintiff has stated a

1 cognizable claim that defendant Mayes violated his constitutional rights.

2     Plaintiff has not, however, alleged a cognizable claim against defendant CCHCS. Plaintiff does not describe any conduct by CCHCS that violated his rights. Plaintiff is advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between them and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

    To the extent plaintiff is alleging CCHCS is responsible for prison policies, to state a claim plaintiff must: (1) identify that policy with specificity, (2) show that the defendant was directly responsible for it, (3) show that the defendant knew the policy could cause plaintiff harm, and (4) show how the policy caused him harm. See Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011). Finally, to the extent plaintiff is alleging CCHCS failed to train defendant Mayes, to state a claim he must show: (1) that the defendant was responsible for that training, (2) just what the defendant did or did not do, (3) that the defendant knew their actions could cause plaintiff harm, and (4) that the actions did cause plaintiff harm. See Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when no facts "suggest [Sheriff] provided any training to Officers...., or that he was responsible for providing formal training to any officers.").

**CONCLUSION**

    This court finds above that plaintiff has stated cognizable claims against defendant Mayes. However, plaintiff fails to state a plausible claim against defendant CCHCS.

    Plaintiff has a choice. He may proceed on his claim against Mayes or he may amend his complaint to attempt to also state a claim against defendant CCHCS. Plaintiff is warned that in any amended complaint he must include ALL claims he wishes to proceed on in this action.

////

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

////

4

1  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

2  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

3      An amended complaint must be complete in itself without reference to any prior pleading.

4  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

5      By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

6  evidentiary support for his allegations, and for violation of this rule the court may impose

7  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

8      For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that:

9      1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

10     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is

11 assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).

12 All fees shall be collected and paid in accordance with this court's order to the Director of the

13 California Department of Corrections and Rehabilitation filed concurrently herewith.

14     3.  Plaintiff has stated a cognizable claim against defendant Mayes.

15     4.  Plaintiff's claim against defendant CCHCS is dismissed with leave to amend.

16     5.  Plaintiff may choose to proceed on his cognizable claim set out above or he may choose

17 to amend his complaint.  If plaintiff choses to proceed on his cognizable claim, plaintiff will

18 voluntarily dismiss any other claims and defendants.

19     6.  Within thirty (30) days of the date of this order, plaintiff shall fill out and return the

20 attached form indicating how he would like to proceed in this action.

21     7.  Plaintiff is warned that his failure to comply with this order will result in a

22 recommendation that this action be dismissed.

23 Dated:  May 12, 2022

24

25

26     DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

27 DLB:9/DB prisoner inbox/civil rights/S/unde0694scrn lta or proceed

28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL LOVELL UNDERWOOD, | No. 2:22-cv-0694 DB P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| ROBERT MAYES, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on his claim against defendant.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____

_____
Plaintiff Errol Lovell Underwood, Pro Se

6