UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL LOVELL UNDERWOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT MAYES,<br><br>    Defendant. | No.  2:22-cv-0694 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983.  Plaintiff alleges defendant gave him a COVID vaccine without his consent or knowledge. Before the court are plaintiff's motion for default judgment and plaintiff's motion for a scheduling order.  For the reasons set forth below, this grants plaintiff's motion for a scheduling order, in part, and recommends plaintiff's motion for default judgment be denied.

**MOTION FOR DEFAULT JUDGMENT**

Plaintiff raises the issue of default in both motions before the court. (ECF Nos. 42, 46.) Federal Rule of Civil Procedure 55(a) provides:  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Plaintiff argues a default judgment should be entered against defendant because:  (1) defendant failed to comply with Local Rule 110; (2) defendant failed to follow through on a settlement offer; (3) defendant has delayed

1

1  these proceedings by seeking extensions of time, in particular extensions to file a motion for
2  summary judgment. None of these grounds justify entry of a default judgment in plaintiff's favor.
3  First, plaintiff does not explain how defendant has failed to comply with Local Rule 110.
4  Local Rule 110 states that a failure to comply with court rules may result in sanctions. Plaintiff
5  does not explain which rules defendant failed to comply with. This court finds no noncompliance
6  with court rules justifying entry of a default judgment.
7  Second, settlement discussions between the parties are not grounds for default. The
8  parties have not been, and are not, required to engage in settlement discussions. In addition, as
9  plaintiff was advised previously, "information regarding the parties' settlement discussions is
10 considered confidential and should not be filed on the public docket." (ECF No. 25.) This court
11 will order plaintiff's motion for default judgment filed under seal.
12 Third, this court addressed defendant's requests for extensions of time and found in each
13 instance that defendant demonstrated good cause for an extension. Those delays are not grounds
14 for entry of default judgment.

### MOTION FOR SCHEDULING ORDER

16 In his motion for a scheduling order, plaintiff appears to ask this court to schedule briefing
17 on defendant's motion for summary judgment. Plaintiff is advised that this court's Discovery and
18 Scheduling Order explained the timelines for opposing a motion for summary judgment.
19 "Motions for summary judgment . . . shall be briefed pursuant to Local Rule 230(l)." (ECF No.
20 28.) Local Rule 230(l) requires an opposition to a motion for summary judgment be filed within
21 twenty-one days after service of the motion. Defendant filed and served the motion for summary
22 judgment on January 29, 2024. Because plaintiff was served by conventional mail, he is
23 permitted an additional three days to file his opposition. Fed. R. Civ. P. 6(d). In addition,
24 pursuant to the "mailbox rule" plaintiff's opposition is considered filed when he provides it to
25 prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988). Plaintiff's
26 opposition should therefore be provided to authorities for mailing on February 24, 2024.
27 Because plaintiff is proceeding pro se, and this court construes plaintiff's filings liberally,
28 this court will consider plaintiff's motion for a scheduling order as a motion for an extension of

time. Plaintiff will be given an additional twenty-one days from the date of this order to file his opposition to the motion for summary judgment. To be clear, plaintiff must provide his opposition to prisoner authorities for mailing to the court within twenty-one days from the date this order is filed. Plaintiff is warned that Local Rule 230(l) provides that his failure to timely oppose defendant's motion could be deemed a waiver of his opposition to the motion and could result in the court either granting defendant's motion or imposing sanctions.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for a scheduling order (ECF No. 46) is granted in part. Within twenty-one days of the filed date of this order, plaintiff shall file any opposition to defendant's motion for summary judgment.

2. The Clerk of the Court shall file plaintiff's motion for default judgment (ECF No. 42) under seal.

3. The Clerk of the Court is directed to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that plaintiff's motion for default judgment (ECF No. 42) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB Prisoner Inbox/Civil Rights/R/unde0694.msj oppo eot