1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERROL LOVELL UNDERWOOD,                    No.  2:22-cv-00694-DAD-SCR (PC)

12                   Plaintiff,

13            v.                                  ORDER ADOPTING FINDINGS AND
                                                  RECOMMENDATIONS AND GRANTING
14    ROBERT MAYES,                               DEFENDANT'S MOTION FOR SUMMARY
                                                  JUDGMENT
15                   Defendant.
                                                  (Doc. Nos. 44, 53, 58)
16

17          Plaintiff Errol Lovell Underwood is a state prisoner proceeding *pro se* and *in forma*

18    *pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  The matter was referred to a

19    United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On June 24, 2024, the assigned magistrate judge issued findings and recommendations

21    recommending that defendant Robert Mayes's motion for summary judgment (Doc. No. 44) be

22    granted.  (Doc. No. 53.)  Based upon the evidence submitted by the parties on summary

23    judgment, the magistrate judge concluded that plaintiff had not come forward with any

24    evidentiary basis supporting his claim that defendant injected him with the COVID-19 vaccine

25    without his consent on August 23, 2021.  (Doc. No. 53 at 8.)

26          Those findings and recommendations were served on the parties and contained notice that

27    any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 12.)  On

28    September 3, 2024, plaintiff filed objections to the pending findings and recommendations.  (Doc.

                                                1

No. 27.)  Plaintiff's objections advance arguments that were already thoroughly and correctly addressed in the findings and recommendations.  For instance, plaintiff objects to the magistrate judge's conclusion that there is no genuine dispute of fact that although the COVID-19 vaccine was ordered for plaintiff in accordance with prison policy, the records do not show that plaintiff actually received it.  (Doc. No. 57 at 1.)  Plaintiff notes that the discharge instructions from his August 23, 2021 appointment list a Moderna COVID-19 vaccine under "completed medications." (Doc. No. 57 at 1–2, 13–14.)  Plaintiff argues that marking the vaccine order as "complete" without administering it to plaintiff does not make sense (*id.* at 1–2), but he again fails to point to any competent evidence to refute the evidence submitted by defendant.  (*See* Doc. No. 53 at 11–12) ("Plaintiff's filings, and his deposition testimony, show that plaintiff assumes he was given the COVID-19 vaccine based on the discharge forms he was provided after the August 23 visit. This court certainly understands plaintiff's confusion about the forms.  However, plaintiff has no basis for his interpretation.  Defendant Mayes, on the other hand, provides sworn declarations from both himself and another CDCR doctor which explain the entries in plaintiff's records. . . . Plaintiff offers no competent evidence that those doctors' explanations are incorrect.").  In sum, the court finds that plaintiff's objections provide no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on June 24, 2024 (Doc. No. 53) are adopted in full;

2. Defendant's motion for summary judgment (Doc. No. 44) is granted;

/////

/////

/////

3.    Plaintiff's motion to compel discovery (Doc. No. 58) is denied as having been

rendered moot by this order; and

4.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 6, 2024**                            _Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE